UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, | : |
| | : |
| TEAMSTERS HEALTH & WELFARE TRUST FUND OF PHILADELPHIA AND VICINTY, and | : |
| | : |
| MARIA SCHEELER, in her capacity as Administrator of both the Teamsters Pension Trust Of Philadelphia and Vicinity and the Health & Welfare Trust Fund of Philadelphia and Vicinity 2500 McClellan Avenue, Suite 140 Pennsauken, New Jersey 08109, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| BRIGHTLINE CONSTRUCTION, INC. 550 State Road, Suite 100 Bensalem, Pennsylvania 19020, | : |
| | : |
| Defendant. | : |

## **COMPLAINT**

Plaintiffs, Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund"),

Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Welfare Fund," and, together

with the Pension Fund, "Funds"), and Maria Scheeler, in her capacity as the Administrator of the

Welfare Fund ("Scheeler" and, together with the Funds, "Plaintiffs"), by and through their

attorneys, Markowitz and Richman, hereby file this Complaint, and with regard to the

Defendant, Brightline Construction, Inc. ("Brightline" or "Defendant"), allege:

## JURISDICTION AND VENUE

1.     This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 ("LMRA"): (1) to recover employer contributions owed to Plaintiffs; (2) for liquidated damages and interest; (3) for cost and reasonable attorney's fees; (4) to compel Defendant's compliance with the terms of the applicable collective bargaining agreement and trust agreements; and (5) to collect unpaid fringe benefit contributions discovered to be due and owing as a result.

2.     Insofar as the claims asserted are all brought pursuant to federal statutes or federal common law, this Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1); Section 301 of the LMRA, 29 U.S.C. §185; and 28 U.S.C. §1331. To the extent that any claims are found to lie under state law, they are properly brought before this Court pursuant to its supplemental jurisdiction, as set forth in 28 U.S.C. §1367(a), as any such claims would be so related.

3.     Venue is proper pursuant to section §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b), as the Funds are "employee welfare benefit plans," "welfare plans," "employee pension benefit plans," "pension plans," "employee benefit plans," "plans," and/or "multiemployer benefit plans" within the meaning of sections 3(1), 2(A), (3), and 37(A) of ERISA, 29 U.S.C. §§1002(1), 2(A), (3), and 37(A), and the Defendant resides or may be found within this District at the addresses set forth in this Complaint.

4.      A copy of this Complaint is being served on the Secretary of Labor and the
Secretary of the Treasury of the United States by certified mail, in accordance with Section
502(h) of ERISA, 29 U.S.C. 1132(h).

**PARTIES**

5.      Plaintiff Teamsters Pension Trust Fund of Philadelphia and Vicinity is an
"employee pension benefit plan," "pension plan," "employee benefit plan," "plan," and a
"multiemployer plan" within the meaning of Sections 3(2)(A), (3), and (37) of ERISA, 29 U.S.C.
§§1002(2)(A), (3), and (37), jointly administered by trustees representing various employers and
local unions in the industry including, but not limited to, Teamsters Local Union No. 107,
affiliated with the International Brotherhood of Teamsters Chauffeurs, Warehousemen and
Helpers of America ("Local 107" or "Union"). The purpose of the Pension Fund is to provide
retirement benefits for employees employed by the participating employers pursuant to the terms
and conditions of collective bargaining agreements between the employers and the unions. A
number of Defendant's employees are participants in, and beneficiaries of, the Pension Fund.
The Pension Fund is established pursuant to an Agreement and Declaration of Trust ("Pension
Trust"), in accordance with Section 302 of the LMRA, as amended, 29 U.S.C. §186, and is
administered from, and maintains its principal place of business in, New Jersey at the address set
forth in the caption of this Complaint. A true and correct copy of the Pension Trust is attached
hereto as Exhibit A.

6.      Plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity is an
"employee welfare benefit plan," "welfare plan," "employee benefit plan," "plan," and a
"multiemployer benefit plan" within the meaning of sections 3(1), (3), and 37(A) of ERISA, 29
U.S.C. §§1002(1), (3), and 37(A), also jointly administered by trustees representing various

employers and local unions in the industry including, but not limited to, Local 107. The purpose of the Welfare Fund is to provide health and welfare benefits for employees employed by the participating employers pursuant to the terms and conditions of collective bargaining agreements between the employers and the unions. A number of Defendant's employees are participants in, and beneficiaries of, the Welfare Fund. The Welfare Fund is established pursuant to an Agreement and Declaration of Trust ("Welfare Trust" and, together with the Pension Trust, "Trusts"), in accordance with Section 302 of the LMRA, as amended, 29 U.S.C. §186, and is administered from, and maintains its principal place of business in, New Jersey at the address set forth in the caption of this Complaint. A true and correct copy of the Welfare Trust is attached hereto as Exhibit B.

7.      Plaintiff, Maria Scheeler, is the Administrator of both the Pension Fund and the Welfare Fund, and a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and as such brings this suit on behalf of the Funds.

8.      Defendant, Brightline Construction, Inc., is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 550 State Road, Suite 100, Bensalem, Pennsylvania 19020.

## BACKGROUND

9.      At all times relevant to this action, Brightline was and remains a signatory to a collective bargaining agreement with Local 107 ("Labor Contract"). Brightline is a contributing participating employer to the Funds that is bound by the terms of the Labor Contract. The Labor Contract sets forth the terms and conditions of employment for the employees employed by Brightline, including Brightline's obligation to file timely contribution reports and to make

timely contribution payments to the Funds on behalf of the employees employed by Brightline who perform work covered by the Labor Contract. A true and correct copy of the Labor Contract is attached as Exhibit C.

10.    Brightline also signed or agreed to abide by the terms of the Trusts. *See* Exhibit A at Art. VI, Sec. 1 and Sec. 3; Exhibit B, at Sec. 4; Exhibit C, at Art. 7, Sec. 7.1, and Art. 8, Sec. 8.1. Trusts are agreements made between certain employers and employee representatives in an industry or industries affecting commerce in order to promote stable and peaceful labor relations. *See* Exhibits A and B.

11.    Pursuant to the Labor Contract and the Trusts, Brightline agreed:

(a)    to make full and timely payment of contributions on a monthly basis to the Funds for each employee covered by the terms and conditions of the Labor Contract. *See* Exhibit A, at Art. VI, Sec. 1(a); Exhibit B, at Sec. 4; and Exhibit C, at Art. 7, Sec. 7.1, Art. 8, Sec. 8.1-8.2, and Art. 9, Sec. 9.1.

(b)    to file monthly remittance reports with the Funds identifying all employees and hours of work for which contributions were required under the Labor Contract. *See* Exhibit A, at Art. VI, Sec. 1(b); Exhibit B, at Sec. 4.

(c)    to produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Brightline's records concerning its obligations to the Funds. *See* Exhibit A, at Art. IV, Sec. 2(aa); Exhibit B., Sec. 24(i) and (m).

(d)    to pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Brightline's failure to comply with its contractual and statutory

5

obligations as described herein at subparagraphs (a), (b), and (c) above. *See* Exhibit A, at Art. IV, Sec. 1(d), Art. 6, Sec. 1(a) and 1(c); Exhibit B., at Sec. 4 and Sec. 24(j).

12.     Brightline has failed and/or refused to remit all contributions due and owing to the Funds from at least on or around August 2024 through January 2025, in at least the amount of $23,767.17 ("Known Delinquent Contribution Amount") [1].  A true and correct accounting of the Known Delinquent Contribution Amount, including a calculation of the known liquidated damages associated with Brightline's related untimely and delinquent contribution amounts during that period, is attached hereto as Exhibit D.

13.     Notwithstanding notice to Defendant, Defendant continues in its failure and/or refusal to remit the Known Delinquent Contribution Amount due and owing to the Funds.

14.     All conditions precedent to this lawsuit and the relief it seeks have been satisfied.

## COUNT ONE
## KNOWN CONTRIBUTION DELINQUENCY UNDER CONTRACT

15.     Paragraphs 1 through 14 of this Complaint are hereby incorporated by reference as if fully restated herein.

16.     Pursuant to the terms of the Trusts and the Labor Contract, Brightline is obligated to file timely contribution reports and to make timely payments to the Funds for contributions on behalf of the employees employed by Brightline who have performed work within the scope defined by the terms of the Trust and the Labor Contract. *See* Exhibit A, at Art. VI, Sec. 1; Exhibit B, at Sec. 4; Exhibit C, at Art. 7, Sec. 7.1, Art. 8, Sec. 8.1-8.2, and Art. 9, Sec. 9.1.

---

[1] There is an amount of at least $13,163.93 due to the Pension Fund and at least $10,603.24 due to the Welfare Fund, for a combined total Known Delinquent Contribution Amount of $23,767.17.

17.     In addition, the terms of the Trusts obligate Brightline to pay liquidated damages and interest in the event of untimely payments to the Fund, as well as all costs and reasonable attorneys' fees incurred in connection with the event of said untimely payments and the Funds' attempts to collect the same. *See* Exhibit A, at Art. IV, Sec. 1(d), Art. 6, Sec. 1(a) and 1(c); Exhibit B., at Sec. 4 and Sec. 24(j).

18.     Brightline refused and/or failed to make timely contributions as required by the Trusts and the Labor Contract for various months between August 2024 and January 2025, in an amount not less than $23,767.17. *See* Exhibit D.

19.     As a consequence of the late and delinquent payments, the Funds are entitled to liquidated damages and interest from Brightline, as well as all costs and reasonable attorneys' fees incurred in connection with the event of said untimely and delinquent payments and the Funds' attempts to collect the same. *See* Exhibit A, at Art. IV, Sec. 1(d), Art. 6, Sec. 1(a) and 1(c); Exhibit B., Sec. 4 and Sec. 24(j).

20.     The Funds reserve the right to supplement the foregoing amounts when the full amounts, including liquidated damages, interest, costs and reasonable attorneys' fees have been definitively determined.

WHEREFORE, the Funds request that this Court:

(1)     order Brightline, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to comply with the terms of the Trusts and Labor Contract by submitting regular reports and making timely payments and contributions to the Funds in accordance with the terms of the Funds' Declarations of Trust and the Labor Contract to which it is bound;

(2)    order the entry of judgment in favor of the Fund and against Defendants, in the amount not less than $23,767.17, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

(3)    order Brightline to pay the costs incurred by the Funds in prosecuting this suit, including all reasonable attorneys' fees and litigation costs; and

(4)    grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

### COUNT TWO
### KNOWN CONTRIBUTION DELINQUENCY UNDER ERISA

21.    Paragraphs 1 through 20 of this Complaint are hereby incorporated by reference as if fully restated herein.

22.    This Court has jurisdiction over this Count pursuant to Section 502 of ERISA, 29 U.S.C. §1132, as amended by Section 306 of the Multi-Employer Pension Plan Amendments Act of 1980 ("MEPPAA"), which added Section 515 to ERISA, 29 U.S.C. § 1145.

23.    Brightline's failure and/or refusal to pay the contributions and other amounts due and owing to the Funds in accordance with the terms of the Trusts and the Labor Contract violates the provisions of ERISA, as amended by MEPPAA.

WHEREFORE, the Funds request that this Court:

(1)    order Brightline, its officers, agents, servants, employees, attorneys, and all other in active concert or participation with them to comply with the terms of the Trusts and Labor Contract by submitting regular reports and making timely payments and contributions to the Funds in accordance with the terms of the Labor Contract to which it is bound;

(2)    order the entry of judgment in favor of the Funds and against Brightline, in an amount not less than $23,767.17, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

(3)    order Defendants to pay the costs incurred by the Funds in prosecuting this suit, including all reasonable attorneys' fees and litigation costs; and

(4)    grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

**COUNT THREE**
**AUDIT**

24.    Paragraphs 1 through 23 of this Complaint are hereby incorporated by reference as if fully restated herein.

25.    The contributions that Brightline is required to pay the Funds are based upon certain hours paid to those employees who perform work for Brightline, the terms and conditions of which are covered by the Labor Contract.

26.    The Funds are without sufficient information or knowledge to determine the extent to which Brightline is delinquent to the Funds and so they are unable to plead the precise nature, extent, and amount of Brightline's delinquency because the books, records, and information necessary to ascertain that liability remain in Brightline's exclusive possession, custody, control, and knowledge.

27.    The existence of a delinquency and, where present, the computation of the precise amount of an employer's delinquency are best determined by an audit of Brightline's books and records in order to compare them to the contractually required remittance reports actually submitted by the employer to the Funds.

28.     Brightline is required by the Trusts, the Labor Contract, and applicable law to permit the Funds to audit its books and records, and to otherwise cooperate in determining whether any contributions are due to the Fund.

29.     The Funds are adversely affected or damaged by the lack of an audit as, among other things, they have a right and a duty to audit the applicable books and records of participating contributing employers so as to identify all potential participants of the Funds and to confirm all amounts due and owing from those participating contributing employers.

30.     The Funds have no adequate remedy at law for lack of an audit, as the calculation of any damages suffered as a result of the breach requires an audit to determine the amount.

WHEREFORE, the Funds request that this Court:

(1)     enjoin Brightline, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to permit an audit of all records under its actual or constructive control and, in the absence of records, to cooperate in alternative methods of determining those employees and/or those hours for which contributions to the Funds are due;

(2)     order Brightline to pay for an audit to be performed by the Funds' internal auditors; and

(3)     grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT FOUR
## CONTRIBUTIONS UNDER ERISA – AFTER AUDIT

31.     Paragraphs 1 through 30 of this Complaint are hereby incorporated by reference as if fully restated herein.

32.     On information and belief, Brightline has failed to make contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145, in a period not barred by any statute of limitations or similar bar.

33.     The Funds are adversely affected or damaged by Brightline's violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Funds request that this Court:

(1)     enter judgment against Brightline and in favor of the Funds, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count Three of this Complaint, together with interest at the rate prescribed by 26 U.S.C. §6621, from the date that the original contribution payment was due until the actual date of payment; liquidated damages equal to the greater of the interest on the unpaid contributions or the liquidated damages as provided for and calculated by the documents governing the Funds or by statute; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or enforcement of any judgment, all as provided for under the terms of the Trusts, the Labor Contract, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(2)     grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT FIVE
## CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

34.     Paragraphs 1 through 33 of this Complaint are hereby incorporated by reference as if fully restated herein.

41.     The Funds are damaged as a proximate result of Brightline's breach of the Trusts and the Labor Contract with respect to any amounts found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count One of this Complaint.

WHEREFORE, the Funds request that this Court:

(1)     enter judgment against Brightline and in favor of the Funds, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count Three of this Complaint, together with interest from the date that the original contribution payment was due until the actual date of payment; liquidated damages; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or enforcement of any judgment, all as provided for under the terms of the Trusts and the Labor Contract; and

(2)     grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

Respectfully submitted,

MARKOWITZ & RICHMAN

_____
STEPHEN C. RICHMAN, ESQ.
RICHARD J. DeFORTUNA, ESQ.
KATHLEEN McPOLIN, ESQ.
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
Tel.: 215-875-3100

Attorneys for Plaintiffs

DATED:     January 29, 2026