**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, *et al.*** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-0560** |
| | : | |
| **BRIGHTLINE CONSTRUCTION, INC.** | : | |

**McHUGH, J.** **November 10, 2026**

## MEMORANDUM

This is an ERISA action brought by Plaintiffs Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund"), Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Welfare Fund"), and Maria Scheeler, as the Administrator of both Funds, against Defendant Brightline Construction, Inc., seeking to enforce the terms of a collective bargaining agreement following Defendant's failure to pay contributions.[1] Following Brightline Construction's failure to appear, the Clerk of Court entered default on February 27, 2026. Entry of Default, ECF 8. Plaintiffs now move for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b), supported by appropriate documentation and an affidavit from counsel. Mot. for Default J., ECF 9. My review of the record confirms that Defendant was properly served with the Complaint and the pending motion but has failed to appear or respond within the time allowed. As such, default judgment will be entered against Defendant.

[1] Jurisdiction exists pursuant to 29 U.S.C. §§ 185, 1132, and 1145.

## I. Relevant Background

Plaintiffs are Teamsters Pension Trust Fund of Philadelphia and Vicinity; Teamsters Health & Welfare Fund of Philadelphia and Vicinity; and Maria Scheeler, the Administrator of both Funds. Compl. ¶¶ 5–7, ECF 1.

Defendant Brightline Construction is a Pennsylvania company that transacts business as a contractor or subcontractor in the construction industry, and as such is an "employer in an industry affecting commerce" as defined by ERISA. *See* 29 U.S.C. §§ 1002(5), (11), and (12). At all times relevant to this action, Brightline Construction has been a party to a collective bargaining agreement ("Labor Contract"), with Teamsters Local Union No. 107, affiliated with the International Brotherhood of Teamsters ("Union"). *See* Scheeler Decl. ¶ 3, ECF 9-3; Compl. ¶ 9. Brightline Construction also signed or agreed to abide by the terms of the Agreements and Declarations of Trust by which the Funds were established. Scheeler Decl. ¶ 4; Compl. ¶ 10.

The Funds are "multiemployer plans" under ERISA, 29 U.S.C. §§ 1002(3) and (37), jointly administered by trustees representing various employers and local unions in the industry including, but not limited to, the Union. Scheeler Decl. ¶ 1; Pension Trust at Preamble & Art. VIII § 5, ECF 1-3; Health & Welfare Trust at § 1, ECF 1-3. The Labor Contract and Trusts require Brightline Construction to make contributions to the Funds based upon hours worked by employees covered by the Labor Contract. Compl. ¶ 11(a); Scheeler Decl. ¶ 6.

The Trusts further require Brightline Construction to file monthly remittance reports with the Funds identifying all employees and hours of work for which contributions are required under the Labor Contract. Compl. ¶ 11(b); Scheeler Decl. ¶ 7. In addition, the Labor Contract and Trusts obligate Brightline Construction to produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Brightline Construction's records concerning its

obligations to the Funds, and to pay the costs of the audit. Compl. ¶ 11(c); Scheeler Decl. ¶ 9. The Labor Contract and Trusts also require Brightline Construction to pay liquidated damages, audit costs, and all litigation costs, including attorneys' fees, expended by the Funds to collect any amounts due because of its failure to comply with its contractual and statutory obligations. Compl. ¶ 11(d); Scheeler Decl. ¶ 8.

Plaintiffs assert that, according to a delinquency report, Brightline Construction owes the Funds $23,767.17 in unpaid contributions for the period between August 1, 2024, through January 31, 2025, in addition to accrued interest, audit costs, and attorneys' fees. *See* Mot. for Default J. at 3; Scheeler Decl. ¶ 11; Delinquency Rep., ECF 1-6; McPolin Decl. ¶ 14, ECF 9-4. Plaintiffs further assert that a precise determination of additional amounts owed to the Funds cannot be made without an audit of Brightline Construction's payroll books and related records. Mot. for Default J. at 3; Scheeler Decl. ¶ 12. To date, no audit of Brightline Construction's payroll books and related records has been performed for the period January 1, 2024, to the present. *See* Scheeler Decl. ¶¶ 15–16.

Defendant Brightline Construction has failed to appear or otherwise defend in this matter. Plaintiffs filed their Complaint on January 29, 2026. Compl. at 12. The summons and a copy of the Complaint were served on Brightline Construction on January 30. ECF 6. Due to this proper service, Brightline Construction had until February 20 to respond to the Complaint. Mot. for Default J. at 3. Brightline Construction did not respond to the Complaint or otherwise make an appearance. Plaintiffs filed a request for default, which the Clerk of Court entered on February 27. *See* Req. for Default, ECF 7; ECF 8. Plaintiffs moved for an entry of default judgment on July 22 and properly served Brightline Construction. *See* Certificate of Serv., ECF 10. Brightline Construction has not responded, appeared, or otherwise opposed the motion.

## II. Discussion

### A. Award of Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Following the entry of default, the clerk may enter a default judgment if the plaintiff's claim is for a sum certain, but otherwise the plaintiff must apply to the court for judgment. Fed. R. Civ. P. 55(b). It is within the court's discretion whether to enter a default judgment. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

In its exercise of discretion, the court must consider three factors as to whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Here, the analysis is simple due to Brightline Construction's lack of participation in the litigation, and consideration of the factors ultimately weighs in favor of granting a default judgment. First, there is a risk of prejudice to Plaintiffs if default judgment is denied, as they are owed tens of thousands of dollars under the terms of the Labor Contract and Trusts. Any further delay in adjudication will necessarily prejudice Plaintiffs' right to the amount owed, particularly when there is no indication that Brightline Construction intends to participate in this litigation. Second, it is unknown if the Defendant has any litigable defenses because it has not asserted any defense, either by answering the Complaint's allegations or by opposing the present motion. Brightline Construction entered into the Labor Contract, assented to payment requirements, and then breached those provisions by its failure to pay without any excuse for nonperformance. No legal or equitable defense is obvious on the face of the Complaint. For the third factor, Brightline

Construction has neither engaged in this litigation process nor offered any reason for its failure to appear—nor is any reason ascertainable from the record. Having reviewed the filings, I am satisfied that Brightline Construction's failure to answer, appear, or in any way respond to the Complaint or the present motion is due to its own culpable conduct.

**B. Liability and Damages**

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)); *see also Cement & Concrete Workers Dist. Council Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence . . . based upon . . . review of detailed affidavits and documentary evidence."). Pursuant to 29 U.S.C. § 1132(g)(2), the Labor Contract and Trusts, Plaintiffs seek unpaid contributions, plus interest, audit fees, and attorneys' fees and costs.[2] Mot. for Default J. at 2–3.

The allegations in the Complaint, taken as true, suffice to show that Plaintiffs are entitled to damages for their breach of contract claim. Under the Labor Contract, Brightline Construction agreed to pay certain sums of money to the Plaintiffs for each hour worked by employees. Compl. ¶ 11. Plaintiffs credibly assert that Brightline Construction failed to pay the amounts due between August 1, 2024, and January 31, 2025. Mot. for Default J. at 3; Scheeler Decl. ¶ 11. This is a clear breach of contract.

[2] According to ERISA, Plaintiffs are entitled to the unpaid contributions; interest on the unpaid contributions; an amount equal to the greater of (1) the interest on the unpaid contributions, or (2) the liquidated damages as provided for under the agreement; reasonable attorneys' fees and costs; and "other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2).

According to the delinquency reports and reviews of business records, Brightline Construction owes Plaintiffs $23,767.17 in unpaid contributions. Mot. for Default J. at 3; Scheeler Decl. ¶ 11; Delinquency Rep.; McPolin Decl. ¶ 14. Under the contract, Brightline Construction also agreed to pay interest on late or delinquent contributions. Compl. ¶ 11(d); *Id.* Exhibit A, at Art. IV, § 1(d), Art. VI § 1(a) and (c); Exhibit B., at §§ 4 and 24(j); *see also* 29 U.S.C. § 1132(g)(2)(E) ("[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."). Plaintiff's request that the Court, in addition to awarding the above amount, also order that Brightline Construction submit to an audit to determine any additional amount owed and subsequently pay the "statutory interest calculated from the date on which the contributions were originally due through the date on which they are finally collected." Mot. for Default J. at 7. I find each of these requests to be fair, reasonable, and warranted.

Additionally, the Labor Contract and Trusts require that an employer who fails to pay contributions also pay reasonable attorneys' fees and costs. Compl. ¶ 11(d); *see also* 29 U.S.C. § 1132(g)(2)(D) (authorizing attorneys' fees and costs for ERISA funds). "[I]n successful actions for delinquent payments, attorneys' fees are no longer discretionary," and attorneys' fees, costs, and liquidated damages are mandatory if delinquent contributions are awarded to the Plaintiffs. *United Retail & Wholesale Emps. Teamsters Union Loc. No. 115 Pension Plan v. Yahn & McDonnell, Inc.*, 787 F. 2d 128, 135 (3d Cir. 1986). Plaintiffs are therefore entitled to the interest and attorneys' fees and costs, both under their contracts and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). According to counsel's affidavit and supporting documentation, Plaintiffs are owed $23,674.00 in attorneys' fees and $338.96 for the cost of filing, for a total of $24,012.96. *See* Mot. for Default J. at 7; McPolin Decl. ¶¶ 12–14. I find this request fair and reasonable.

## III. Conclusion

Plaintiffs' Motion for Default Judgment will be granted. Counsel may file a supplemental affidavit concerning attorney's fees. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge