**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, *et al.*** | : | |
| **v.** | : | **CIVIL ACTION No. 26-560** |
| **BRIGHTLINE CONSTRUCTION, INC.** | : | |

**ORDER**

This 10th day of November, 2026, for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that Plaintiffs' Motion for Judgment by Default, ECF 9, is **GRANTED**.

It is further **ORDERED** that:

1. **JUDGMENT** is entered against Defendant in favor of each listed Plaintiff in the initial amount[1] of $47,780.13 which includes:

   a. unpaid contributions and liquidated damages under 29 U.S.C. §1132(g)(2) and 185(a) in the amount of $23,767.17;

   b. attorneys' fees and costs incurred in the prosecution of this collection and enforcement action through July 22, 2026, in the amount of $24,012.96, in accordance with 29 U.S.C. §1132(g)(2)(D), as well as any additional attorneys' fees and costs incurred in the collection and enforcement of this judgment;

2. Defendant, its owners, officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with Defendant, shall be and hereby are restrained and enjoined

[1] Plaintiff will also be entitled interest, as provided by 29 U.S.C. §1132(g)(2) and 26 U.S.C. §6621, on the amount set forth in Paragraph 1(a), which shall continue to bear interest as provided in 29 U.S.C. § 1132(g)(2) and 26 U.S.C. § 6621, as from time to time amended, until the date of actual payment, such calculations to occur following the audit.

from refusing to file complete, proper, and timely remittance reports, with accompanying contributions, for all periods for which Defendant is obligated to do so under its collective bargaining agreement(s) with Teamsters Local Union No. 107, affiliated with the International Brotherhood of Teamsters ("Union").

3. Within twenty (20) days of the entry of this Order, Defendant Brightline Construction, Inc., its owners, officers, agents, servants, attorneys, and all other persons acting on its behalf or in conjunction with Defendant, shall make available to Plaintiffs' designated representative all payroll books and related records necessary for the Plaintiffs to ascertain the precise amount of delinquent contributions due and owing for the period from January 1, 2024, through to the date on which said records are provided ("Audit Period").

4. If additional delinquencies are discovered pursuant to the submission of the remittance reports and/or the audit referred to above, or as a result of any additional information that becomes available to the Plaintiffs, Plaintiffs may apply to this Court for Final Judgment by Default, reflecting any additional delinquencies, interest, liquidated damages, and additional attorneys' fees and costs pursuant to ERISA, 29 U.S.C. §1132(g)(2);

5. This Order and Judgment is enforceable, without duplication, by one or more of the Plaintiffs, jointly or severally, or their agents.

/s/ Gerald Austin McHugh
United States District Judge